171 Cal.App.3d 727 (1985)
217 Cal. Rptr. 546
THE PEOPLE, Plaintiff and Respondent,
v.
JOSE JIMENEZ MARTINEZ, Defendant and Appellant.
Docket No. D001830.
Court of Appeals of California, Fourth District, Division One.
August 26, 1985.
*731 COUNSEL
Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, and Jay M. Bloom, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
BRAINARD, J.[*] 

I
A jury found Jose Jimenez Martinez guilty of one count of assault with intent to commit rape (Pen. Code,[1] § 220), two counts of robbery (§ 211), three counts of attempted robbery (§§ 664/211), and five counts of assault with a deadly weapon and by means of force likely to produce great bodily harm (§ 245, subd. (a)(1)). Martinez was also found to have personally used a dangerous or deadly weapon as to all except the aggravated assault counts, to wit, a knife (§ 12022, subd. (b)); and to have personally inflicted great bodily injury upon all of the victims except Miguel Quiroz (§ 12022.7).
Martinez and all of the victim witnesses speak only Spanish and require the use of an interpreter. Separate interpreters were provided at trial and *732 during the preliminary hearing. Also, counsel for the defense spoke Spanish.
During the trial, two of the victim witnesses were deemed unavailable and a videotape of their preliminary hearing testimony was played to the jury (victims Meliton Garcia Larate and Miguel Quiroz).
The court sentenced Martinez to prison for twenty-one years, as follows: an aggravated six-year term for assault with intent to commit rape (principal term), one and three-year enhancements for the knife use and great bodily injury, and subordinate terms totalling eleven years to run consecutively on the remaining counts. Sentence on count V was stayed. Martinez appeals.

FACTS
Each of the offenses occurred just inside the United States-Mexico border on January 23, 1984.

Counts I, II, III, IV and V
Teresa G. and her husband Armando were stopped by Martinez and several other men. Martinez grabbed Teresa G. and demanded money while pointing a knife at her stomach. Armando threw a suitcase at the men who grabbed him. Teresa G. grabbed the knife, which was then pointed at her throat. As Martinez pulled the knife away, Teresa G.'s fingers were cut. Subsequent medical examination indicated Teresa G.'s tendons were cut and she will probably have limited use of two of her fingers for the rest of her life.
Teresa G. was next thrown to the ground by Martinez, who took off Teresa G.'s pants and underwear and told her they were going to make love. Armando then began hitting Martinez with a rock and told his wife to run. Martinez stabbed Armando in the chest. Teresa G. and Armando were able to escape and turned themselves in to immigration authorities.

Counts VI, VII, VIII and IX
Miguel Quiroz and Meliton Garcia Larate were threatened by Martinez and some other men that they would be killed if they did not turn over their money. Quiroz had no money, but Larate handed over 600 pesos. Martinez stabbed Quiroz in the shoulder and thigh and Larate in the knee.

Counts X and XI
Fernando Aldama Mendez and Jaime Saldana had just crossed the border when Martinez and two other men accosted them, demanding money. Saldana *733 gave them what money he had, but they pulled down his pants looking for more. Martinez stabbed Saldana "a little bit" in the back, saying, "Kill him. We are going to kill them. These guys are dead if they don't give us the money." The men then took Mendez' money, but fled upon the approach of immigration officers.

SWORN INTERPRETERS
(1a) The record herein is silent as to whether the interpreters at the preliminary examination were sworn. Martinez contends this defect mandates reversal of counts VI, VII, VIII and IX. We do not agree.
(2) A criminal defendant who is not able to understand English has the right to an interpreter throughout the proceedings. (Cal. Const., art. I, § 14; People v. Aguilar (1984) 35 Cal.3d 785 [200 Cal. Rptr. 908, 677 P.2d 1198].) The same is true at a preliminary examination or when testimony from a preliminary examination is used at trial due to the unavailability of witnesses. (People v. Carreon (1984) 151 Cal. App.3d 559 [198 Cal. Rptr. 843].)
(1b) Here, no objection to any failure to properly swear the interpreters was ever raised, either at trial or at the preliminary examination. Nor was the adequacy of translation by the interpreters ever questioned by Martinez or his Spanish-speaking attorney.
(3) In Carreon, the court addressed the exact issue raised here. The preliminary examination record was silent as to whether the interpreter was sworn. After lengthy analysis, the court concluded the defendant's failure to object or raise the issue below precludes review on appeal unless the "`"error has resulted in a denial of due process of law."'" (People v. Carreon, supra, at p. 581, quoting People v. Mills (1978) 81 Cal. App.3d 171, 176 [146 Cal. Rptr. 411].) (4) Further, the burden is on the defendant to show the witness was not sworn or that an injustice has occurred. Otherwise, the trial court is presumed to have properly performed its duties and to have sworn the witness. (People v. Carreon, supra, at p. 579, citing Estate of Da Roza (1947) 82 Cal. App.2d 550, 555 [186 P.2d 725].)
Martinez contends the ruling in People v. Menchaca (1983) 146 Cal. App.3d 1019 [194 Cal. Rptr. 691] requires a different result. In Menchaca, the defendant's interpreter was "borrowed" for use by a witness at the preliminary examination. Defense counsel objected and, in desperation, allowed the district attorney's investigator to serve as the defendant's "stopgap" interpreter. He was not sworn. In reversing, the court stated the oath requirements are mandatory and "failure to administer such an oath is fatal *734 to the constitutional effectiveness of an interpreter." (Id., at p. 1025.) Menchaca is distinguishable on several grounds. The interpreter was not impartial (district attorney investigator), he was not sworn, and an objection was made to the entire procedure. The court concluded "the fundamental and gross nature of the defect" was such that the "defendant was indeed reduced to an insensible object, unable to assist or even communicate with counsel. That lack is so fundamental as to result in a denial of due process." (Id., at p. 1025.)
(1c) Martinez has pointed to no indication that the interpreters were in fact not sworn, that any objection was ever raised, that there was an improper translation, or that any unfairness occurred. We cannot say a denial of due process of law has occurred.

DOUBLE ENHANCEMENTS
(5a) Martinez contends assault with intent to commit rape is not a crime enunciated in section 1170.1, subdivision (e) and thus enhancements for both using a weapon and inflicting great bodily injury cannot be imposed. His argument is not persuasive.
Section 1170.1, subdivision (e) allows double enhancements in cases of "attempted robbery, rape, or burglary." (People v. Boerner (1981) 120 Cal. App.3d 506 [174 Cal. Rptr. 629].) This section does not specifically state that double enhancements are allowed only for attempted sections 211, 261, or 459, rather, the code states in cases of "attempted robbery, rape or burglary."
(6) An "assault" with the intent to commit a crime necessarily embraces an "attempt" to commit the crime, but an "attempt" does not necessarily include an assault. (People v. Rupp (1953) 41 Cal.2d 371 [260 P.2d 1].) Thus, a person who commits an assault with intent to commit rape necessarily also always commits an attempted rape. (Id.; People v. Wilson (1975) 50 Cal. App.3d 811 [123 Cal. Rptr. 663].)
(5b) Martinez clearly committed an attempted rape and was convicted of a crime which necessarily includes that offense. The imposition of both enhancements was proper.

GREAT BODILY INJURY AS TO VICTIMS TERESA G. AND SALDANA
(7a), (8a) Martinez contends there is a lack of substantial evidence to sustain the jury's finding that he personally inflicted great bodily injury on *735 Teresa G. with intent to inflict such injury. He also claims insufficient evidence that Jaime Saldana suffered great bodily injury.
(7b) Teresa G. struggled with Martinez as he held a knife to her throat. Martinez seems to assert that this injury, which resulted in permanent disability to Teresa G.'s hand, was almost accidental, not intentional.
Section 12022.7 requires that a person specifically intend to inflict great bodily injury. However, the mere intent to do the violent act which causes the victim to suffer great bodily injury is sufficient. (People v. Bass (1983) 147 Cal. App.3d 448 [195 Cal. Rptr. 153].)
A person must be presumed to intend the natural consequences of his acts. When one holds a knife to another's throat demanding money and sex, and a struggle ensues, any injury is the expected natural consequence of the original assault.
Viewing the record as a whole, it is clear the jury had ample evidence to find Martinez inflicted great bodily injury on Teresa G. (People v. Johnson (1980) 26 Cal.3d 557 [162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; People v. Miller (1977) 18 Cal.3d 873 [135 Cal. Rptr. 654, 558 P.2d 552]; People v. Bass, supra, 147 Cal. App.3d 448.)
(8b) Jaime Saldana did not testify at trial. His companion Mendez testified that Martinez "picked or cut Jaime in his back a little bit. Because he was wearing a jacket, a sweater and a shirt, so he was okay. When they threw him on the floor, that's when he cut him, ..."
Mendez later characterized the wound "a little stab." A police officer examined Saldana and observed "a minor laceration-type injury in the middle of his back." Saldana wore "a couple of shirts, two shirts, and a very heavy coat." Saldana was not taken to the hospital, as were the other victims.
Although on appeal all evidence must be viewed in the light most favorable to the judgment, it must still be substantial and inspire confidence. (People v. Redmond (1969) 71 Cal.2d 745 [79 Cal. Rptr. 529, 457 P.2d 321].) The injury required under section 12022.7 must be significant or substantial. (People v. Richardson (1972) 23 Cal. App.3d 403 [100 Cal. Rptr. 251]; People v. Wolcott (1983) 34 Cal.3d 92 [192 Cal. Rptr. 748, 665 P.2d 520].)
We find insufficient evidence to support a finding Saldana suffered great bodily injury. Apparently, the prosecutor at trial agreed, asking that the *736 allegation be stricken: "... [T]here is a 12022.7 alleged on count 10. I don't think there is any evidence of that. I believe the testimony was there was almost like a pinprick on the knife wound. I had thought it had been worse when we went to trial. I didn't see any substantial evidence of a G.B.I...."
The allegation under section 12022.7 as to count X is stricken.

DOUBLE PUNISHMENT
(9a) Martinez contends he could not be sentenced on all three counts: I (§ 220), II (§ 245) and III (§§ 664/211). We agree.
(10) Multiple punishment for the same act or indivisible course of conduct is generally prohibited if but one principal objective is involved. (§ 654; People v. Jaramillo (1976) 16 Cal.3d 752 [129 Cal. Rptr. 306, 548 P.2d 706]; People v. Miller, supra, 18 Cal.3d 873.)
(9b) Martinez was sentenced to full consecutive terms for assault with intent to commit rape and attempted robbery, plus various enhancements. It is clear Martinez entertained two distinct objectives: to rob and to rape. The assault with the knife, although constituting a separate chargeable offense, was simply a means to those ends. This result applies even though there may be a series of assaults, occasioned by the victims' ongoing resistance, as long as the defendant's purpose remains the same. (People v. Flowers (1982) 132 Cal. App.3d 584 [183 Cal. Rptr. 276]; People v. Ridley (1965) 63 Cal.2d 671 [47 Cal. Rptr. 796, 408 P.2d 124]; People v. Medina (1972) 26 Cal. App.3d 809 [103 Cal. Rptr. 337].)
(11) Where, as here, multiple prison terms are improperly imposed, the proper procedure is for the reviewing court to modify the sentence to stay imposition of the lesser term. (People v. Beamon (1973) 8 Cal.3d 625 [105 Cal. Rptr. 681, 504 P.2d 905].)

DISPOSITION
The judgment is affirmed. The allegation of great bodily injury (§ 12022.7) as to count X is stricken. Execution of the sentence imposed in count II (assault by means likely to produce great bodily injury) is stayed pending the finality of this judgment and service of the sentence in count *737 III; the stay to become permanent upon completion of the term imposed in count III.
Staniforth, Acting P.J., and Lewis, J., concurred.
Petitions for a rehearing were denied September 24, 1985, and appellant's petition for review by the Supreme Court was denied November 27, 1985. Reynoso, J., was of the opinion that the petition should be granted.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] All statutory references are to the Penal Code unless otherwise specified.