[No. C049687. Third Dist. Feb. 28, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
HUNG DUC LE, Defendant and Appellant.

**COUNSEL**

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Assistant Attorneys General, Carlos A. Martinez and Kelly E. Lebel, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMS, Acting P. J.**—A jury convicted defendant Hung Duc Le of three counts of attempted murder with malice aforethought (Pen. Code, §§ 664, 187, subd. (a); counts 1–3)[1]; one count of discharging a firearm at an occupied motor vehicle (§ 246; count 4); and three counts of assault with a firearm (§ 245, subd. (a)(2); counts 5–7).

The jury also found: As to count 1, defendant personally used a firearm (§ 12022.53, subd. (b)); personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); and personally and intentionally discharged a firearm proximately causing great bodily injury (§ 12022.53, subd. (d)). As to counts 2 and 3, defendant personally used a firearm (§ 12022.53, subd. (b)), and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). As to count 4, defendant personally used a firearm (§ 12022.53, subd. (b)) and intentionally and personally discharged a firearm proximately causing great bodily injury (§ 12022.53, subd. (d)). As to count 5, defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). As to counts 6 and 7, defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)).

The trial court sentenced defendant to a determinate term of 25 years plus an indeterminate term of 25 years to life, computed as follows: on count 1, the principal term, seven years (the midterm) plus 25 years to life (§ 12022.53, subd. (d)); on counts 2 and 3, two years and four months each (one-third the midterm) plus six years and eight months (one-third the midterm under § 12022.53, subd. (c)). Sentence on the remaining counts and enhancements was imposed but stayed (§ 654). The court ordered, among other things, that defendant pay a $20 court security fee (§ 1465.8, subd. (a)(1)).

Defendant contends: (1) The evidence is insufficient to support the great-bodily-injury enhancements. (2) The court security fee was improperly imposed because the statute providing for the fee applies only to Vehicle Code violations. We disagree with both contentions and shall affirm.

## FACTS

In an apparent road-rage incident, defendant fired shots from the car in which he was a passenger into an adjacent car occupied by Leng Vang, Jerry Vang, Pang Lee, and Fong Lor. Leng Vang was struck by a bullet that traveled through his left leg into his right inner thigh and lodged in his right outer thigh.

---

[1] Undesignated section references are to the Penal Code.

Leng Vang sustained soft tissue injury and muscular injury to both legs. After the bullet was removed, he was released from the hospital within 24 hours. However, he could not work for a week after the shooting. He could not walk or get up without help. For four weeks, he could not use the restroom unassisted. He did not fully recover and regain the ability to walk without a limp for seven weeks.

## DISCUSSION

## I

Defendant contends the evidence does not support the imposition of enhancements for great bodily injury as to counts 1, 4, and 5 because the injuries suffered by Leng Vang when he was shot through his leg did not amount to "significant or substantial physical injury" as defined in section 12022.7.[2] We disagree.

■ The enhancements at issue on count 1 (attempted murder) and count 4 (discharging a firearm into a moving vehicle) were imposed under section 12022.53, subdivision (d) (section 12022.53 (d)); the enhancement at issue on count 5 (assault with a firearm) was imposed under section 12022.7, subdivision (a) (section 12022.7 (a)). Section 12022.53 (d) requires a prison term of 25 years to life, additional and consecutive to any other term, for "any person who, in the commission of a felony specified in [§ 12022.53,] subdivision (a), Section 246, or subdivision (c) or (d) of Section 12034, personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice . . . ." Section 12022.7 (a) requires a prison term of three years, additional and consecutive to any other term, for "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony." Section 12022.7, subdivision (f) (section 12022.7 (f)) defines "great bodily injury" for purposes of both enhancements as "a significant or substantial physical injury."

Defendant asserts the Legislature could not have intended the "draconian punishment" of section 12022.53 (d)) to apply where a victim incurs "mere soft tissue injury." According to defendant, this would "reduce the concept of 'great bodily injury' to 'any pain-causing bodily harm,' and render the statutory requirement of a significant or substantial physical injury meaningless." Defendant's argument is unpersuasive.

In *People v. Escobar* (1992) 3 Cal.4th 740 [12 Cal.Rptr.2d 586, 837 P.2d 1100] (*Escobar*), our Supreme Court held that under section 12022.7 a

---

[2] As defendant acknowledges, the enhancements imposed on counts 4 and 5 were stayed.

"significant or substantial physical injury" need not meet any particular standard for severity or duration, but need only be "a substantial injury *beyond* that inherent in the offense itself[.]" (*Escobar, supra*, 3 Cal.4th at pp. 746–747, 750 [disapproving *People v. Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274] on this point].) Whether great bodily injury occurred is a question of fact, and we review a jury's finding of great bodily injury under the substantial-evidence standard. (*Escobar, supra*, 3 Cal.4th at p. 750.) Applying this standard, the court in *Escobar* found that a rape victim's injuries which included "extensive bruises and abrasions . . . , injury to her neck and soreness in her vaginal area of such severity that it significantly impaired her ability to walk" were "significant and substantial" because they exceeded the injury necessarily present in rape. (*Ibid.*)

■ We determine legislative intent first by looking to the words of the statutes the Legislature has enacted. (*People v. Statum* (2002) 28 Cal.4th 682, 689 [122 Cal.Rptr.2d 572, 50 P.3d 355].) The Legislature chose to define "great bodily injury" in section 12022.53 (d) only by cross-reference to section 12022.7. At the same time, the Legislature required imposition of the penalty prescribed in section 12022.53 (d) whenever a trier of fact has found that a defendant inflicted great bodily injury, as so defined, on a victim. The Legislature has not materially amended section 12022.53 (d) or section 12022.7 since the Supreme Court decided *Escobar, supra*, 3 Cal.4th 740. Thus, we see no reason to think the Legislature intends section 12022.53 (d) to apply less broadly than its express terms, as construed in *Escobar*, indicate.

■ Under *Escobar, supra*, 3 Cal.4th 740, Leng Vang's injuries were "great bodily injury" within the meaning of section 12022.53 (d) as to both count 1 (attempted murder) and count 4 (discharging a firearm at an occupied motor vehicle). Aside from the pain he suffered, he was unable to walk, stand, or sit unassisted for weeks after defendant shot him. This degree of injury is comparable to that of the victim in *Escobar*.

Furthermore, defendant cites no authority holding that "mere soft tissue injury" cannot be "significant or substantial" within the meaning of section 12022.7 (f), and we see no reason to accept that proposition without authority. *People v. Martinez* (1985) 171 Cal.App.3d 727 [217 Cal.Rptr. 546] (*Martinez*), the only decision defendant cites in which an appellate court overturned a finding of great bodily injury, does not support him. The victim suffered only a " 'minor laceration' " or " 'pinprick,' " which did not require hospitalization; indeed, the prosecutor had asked that the charged enhancement be stricken. (*Id.* at pp. 735–736.) *Martinez* does not even remotely suggest that soft tissue injury cannot be great bodily injury as a matter of law.

If defendant means to argue that a penalty of 25 years to life for inflicting "mere soft tissue injury" is too harsh, the answer is that this penalty is

imposed only on defendants who inflict such injury by "personally and intentionally discharg[ing] a firearm[.]" (§ 12022.53 (d).) The gun-use enhancements defined in section 12022.53 show the Legislature's intent to punish any crime committed by personal use of a firearm more harshly than those not so committed.

Defendant does not make any argument specifically directed against the enhancement imposed on count 5 under section 12022.7 (a). In any event, because the victim's injuries constituted great bodily injury under section 12022.53 (d), they necessarily did so as well under section 12022.7 (a), which defines great bodily injury the same way.

Substantial evidence supports the jury's findings as to all the enhancements at issue.

## II

Defendant contends the trial court erred by imposing a court security fine under section 1465.8. According to defendant, the statute's plain terms and its placement within the statutory scheme show that the fine may be imposed only in cases of Vehicle Code violations. We disagree.

Section 1465.8 provides:

"(a)(1) To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed *on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code.*

"(2) For the purposes of this section, 'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school, as authorized by Sections 41501 and 42005 of the Vehicle Code. This security fee shall be deposited in accordance with subdivision (d), and may not be included with the fee calculated and distributed pursuant to Section 42007 of the Vehicle Code.

"(b) This fee shall be in addition to the state penalty assessed pursuant to Section 1464 and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464.

"(c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit shall also deposit a sufficient amount to include the fee prescribed by this section.

"(d) Notwithstanding any other provision of law, the fees collected pursuant to subdivision (a) shall all be deposited in a special account in the county treasury and transmitted therefrom monthly to the Controller for deposit in the Trial Court Trust Fund.

"(e) The Judicial Council shall provide for the administration of this section." (Italics added.)

Quoting only subdivision (a)(1) of the statute (section 1465.8 (a)(1)), defendant asserts: "A mere reading of the statute indicates that it applies only to Vehicle Code violations. That is confirmed by the section's placement as part of Chapter 1 of Title 11 of the Penal Code, dealing with proceedings in misdemeanor and infraction cases." In defendant's view, either the statute unambiguously means what he thinks it does, or if it can reasonably be construed in two different ways he is entitled to the more favorable interpretation under the "rule of lenity." (See, e.g., *People v. Athar* (2005) 36 Cal.4th 396, 404 [30 Cal.Rptr.3d 570, 114 P.3d 806].) For a number of reasons, we are not persuaded.

The statute's placement within chapter 1 of title 11 of the Penal Code (titled "Proceedings in Misdemeanor and Infraction Cases") actually undercuts defendant's argument. Section 1463, the chapter's definitional provision (unmentioned by defendant), states in part: "The following definitions shall apply to terms used in this chapter: [¶] . . . [¶] (h) 'Offense' means any infraction, misdemeanor, *or felony*, and any act by a juvenile leading to an order to pay a financial sanction by reason of the act being defined as an infraction, misdemeanor, *or felony*, whether defined in this or any other code, except any parking offense as defined in subdivision (i)." (Italics added.) Because section 1465.8 applies to "every conviction for a criminal offense," and section 1463, subdivision (h), defines "offense" to include felonies, defendant's claim that section 1465.8 cannot apply in felony cases is untenable.

Defendant relies mainly on a strained reading of the syntax of section 1465.8 (a)(1), as revealed by the internal emphases he supplies when quoting it. According to defendant, we must read the section as follows: "To ensure and maintain adequate funding for court security, *a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense*, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, *involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code.*" In effect, defendant reads the unemphasized language out of the statute. But courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 249 [127 Cal.Rptr.2d 177, 57 P.3d 654].)

As we shall explain, we may read the provision more logically, giving effect to all its terms, by connecting the last clause to its immediate antecedent, not to its most remote antecedent. Furthermore, when we consider the statute's purpose in context, as we are also required to do (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804]), we reach the same conclusion.

■ " 'A longstanding rule of statutory construction—the "last antecedent rule"—provides that "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." ' " (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 743 [110 Cal.Rptr.2d 828, 28 P.3d 876] (*Renee J.*), quoting *White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520].) Under this rule, the last clause of section 1465.8 (a)(1)— "involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code"—applies to the immediately preceding phrases "including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463," not to the more remote phrase "a criminal offense." In other words, the last clause is meant to bring traffic offenses that involve Vehicle Code violations, except for parking offenses, within the statute's purview—not, as defendant asserts, to exclude all criminal offenses *but* Vehicle Code violations from the statute's purview. This reading, unlike defendant's, explains why section 1465.8 (a)(1) begins by mentioning "every conviction for a criminal offense," which would be unnecessary and inexplicable if the Legislature had meant the statute to cover only Vehicle Code violations.

The "last antecedent rule" has exceptions, but they do not apply here. "One provides that when several words are followed by a clause that applies as much to the first and other words as to the last, ' " 'the natural construction of the language demands that the clause be read as applicable to all.' " ' (*Wholesale T. Dealers v. National etc. Co.* (1938) 11 Cal.2d 634, 659 [82 P.2d 3].) Another provides that when the sense of the entire act requires that a qualifying word or phrase apply to several preceding words, its application will not be restricted to the last. (*White v. County of Sacramento, supra,* [31 Cal.3d] at p. 681.)" (*Renee J., supra,* 26 Cal.4th at pp. 743–744.) But the words "including a traffic offense, except parking offenses [etc.]," (§ 1465.8(a)(1)) do not "appl[y] as much" (*Renee J., supra,* at p. 743) to the words "every criminal offense" as they do to the clause "involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code." And the "sense of the entire act" (*Renee J., supra,* 26 Cal.4th at p. 743) does not require that the words "including a traffic offense, except parking offenses [etc.]" apply to "every conviction for a criminal offense" (§ 1465.8(a)(1)), because the definition of "offense" in section 1463 explains the sense in which the entire act uses the term.

Finally, when we consider why the Legislature enacted section 1465.8, we conclude that defendant's proposed limit on its scope would make little sense. As the statute says at the start, the purpose of the fine it provides for is "[t]o ensure and maintain adequate funding for court security[.]" (§ 1465.8 (a)(1).) Of all criminal offenders, those least likely as a class to necessitate courtroom security are the perpetrators of traffic code misdemeanors and infractions; those most likely to do so are felons. It would be anomalous in the extreme to conclude that in creating a fine specifically to enhance courtroom security, the Legislature would have intended it to be imposed only in those cases least likely to require such security.

For all the above reasons, defendant's argument fails.

## DISPOSITION

The judgment is affirmed.

Robie, J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 24, 2006, S142271.