Filed 9/3/15  P. v. Lamas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FREDDIE OVALLE LAMAS,<br><br>Defendant and Appellant. | F068166<br><br>(Super. Ct. No. F13902618)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

# INTRODUCTION

Appellant Freddie Ovalle Lamas was convicted of first degree burglary (Pen. Code, §§ 459/460, subd. (a), count 1)**[1]** and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). Various enhancement allegations were attached to the charges, including an enhancement allegation attached to count 2 for infliction of great bodily injury (§ 12022.7, subd. (a)).

On June 26, 2013, a jury found appellant guilty of both counts and all enhancement allegations were found true. Appellant was sentenced to 44 years to life with credit for 538 days in custody. Appellant contends that the evidence introduced at his trial was insufficient to prove the enhancement allegation of great bodily injury. (§ 12022.7, subd. (a)). We disagree and affirm the judgment.

# FACTS

On April 29, 2012, Benjamin Garcia was at his apartment with his girlfriend, Frances Herrera, her daughter, and her two grandchildren. Herrera was following her two-year-old granddaughter outside of Garcia's apartment when appellant approached them. Appellant, who lives in a trailer on the property, jumped at Herrera's granddaughter and stated, "You better watch out." From inside, Garcia heard Herrera respond, "Don't be talking to [her] like that."

As Garcia approached the front door, he heard Herrera scream, "He has a knife." Appellant was standing inside of Garcia's security door, approximately an arm's length away from Garcia. Appellant asked Garcia if he was "Benjamin Aladin." Garcia understood appellant as referring to Bin Laden. Garcia asked appellant what he was

---

**1**    All undesignated statutory references are to the Penal Code unless otherwise indicated.

talking about and appellant replied, "You know." Appellant said, "This is my house."[2] Garcia responded that he knew that and asked, "What's your point?"

Appellant lunged at Garcia with a knife he was holding in his left hand. During the struggle that ensued, Garcia noticed that his clothes were wet and realized that he had been stabbed. Shortly thereafter, appellant's mother, Oralia Ovalle, approached and yelled at appellant to stop. Appellant walked away. Herrera called police and appellant was arrested shortly after officers arrived.

At trial, Garcia testified that he was stabbed on the right side of his abdominal area, his left shoulder was bruised, and he suffered multiple lacerations as a result of appellant's attack. Although he did not experience a lot of pain at the time he was stabbed, Garcia testified that he was in a state of shock.

Garcia was taken to the hospital by ambulance, where his stab wound had to be stapled shut with five metal staples. As a result of his injuries, there was blood on his shirt, all over his pants, and on his hospital bed. Dr. Fernando Macias, who treated Garcia, testified that the wound penetrated skin, fat tissue and muscle. Garcia testified that the wound was itchy and painful to the touch after being treated. At trial, Garcia displayed to the jury a permanent discolored scar on his abdomen as a result of his stab wound.

## SUBSTANTIAL EVIDENCE OF GREAT BODILY INJURY

Appellant contends that there is insufficient evidence to support the jury's finding that Garcia suffered great bodily injury within the meaning of section 12022.7.

Section 12022.7, subdivision (a), provides for a three-year enhancement for personally inflicting great bodily injury in the commission or attempted commission of a felony. Great bodily injury is defined as "a significant or substantial physical injury." (§ 12022.7, subd. (f).) In *People v. Escobar* (1992) 3 Cal.4th 740, 746-747, 750

---

[2] Appellant's mother owns the property.

(*Escobar*), the court held that a "significant or substantial physical injury" does not need to meet any particular standard of severity or duration, but must be a "substantial injury *beyond* that inherent in the offense." The *Escobar* court also held that a victim need not suffer "'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function" for a jury to conclude that a victim suffered great bodily injury within the meaning of the sentence enhancement. (*Id*. at pp. 749-750, disapproving *People v. Caudillo* (1978) 21 Cal.3d 562 (*Caudillo*).)

Proof that a victim's injuries are significant or substantial "is commonly established by evidence of the severity of the victim's physical injury, the resulting pain, or the medical care required to treat or repair the injury." (*People v. Cross* (2008) 45 Cal.4th 58, 66, citing *People v. Harvey* (1992) 7 Cal.App.4th 823, 827-828.) Ultimately, whether great bodily injury occurred within the meaning of the sentencing enhancement is a question of fact for the jury. (*Escobar, supra*, 3 Cal.4th at p. 750; *People v. Wolcott* (1983) 34 Cal.3d 92, 109.) We review such findings under the substantial evidence standard and are bound to accept the jury's findings if supported by sufficient evidence, even if circumstances might reasonably point to a contrary finding. (*Escobar, supra*, 3 Cal.4th at p. 750.)

Abrasions, lacerations, and bruising can constitute great bodily injury. (*Escobar, supra*, 3 Cal.4th at p. 752; *People v. Washington* (2012) 210 Cal.App.4th 1042, 1047.) In *Escobar*, the court upheld the great bodily injury enhancement where the victim suffered extensive bruises and abrasions, as well as injuries to her neck and vaginal area which impaired her ability to walk. (*Id*. at p. 750.) In *People v. Le* (2006) 137 Cal.App.4th 54, 59, the court declined to find that "mere soft tissue injury" could not be significant and substantial within the meaning of section 12022.7. In *People v. Sanchez* (1982) 131 Cal.App.3d 718, 732, 734 the court upheld a finding of great bodily injury where the victim suffered multiple abrasions, bruises and swelling of her eye and cheek. The court in *People v. Bustos* (1994) 23 Cal.App.4th 1747, 1755 found that lacerations, contusions

4.

and abrasions suffered by a victim who was punched in the face and knocked to the ground supported a great bodily injury finding.

While *Escobar* disapproved of the permanent, prolonged or protracted disfigurement standard set forth in *Caudillo*, the court noted that numerous decisions applying the more stringent *Caudillo* standard have upheld findings of great bodily injury based on injuries "of a degree and severity similar to those inflicted on [the victim herein]." (See, e.g., *People v. Jaramillo* (1979) 98 Cal.App.3d 830 [great bodily injury finding upheld where six-year-old victim suffered multiple contusions, bruises, swelling and discoloration over various parts of her body]; *People v. Sanchez, supra*, 131 Cal.App.3d 718 [multiple abrasions and lacerations to the victim's back as well as bruising of her eye and cheek supported great bodily injury finding]; *People v. Corona* (1989) 213 Cal.App.3d 589 [great bodily injury finding upheld where victim suffered a swollen jaw, sore ribs, and multiple bruises and lacerations].) Thus, even under the more stringent standard in *Caudillo*, victims with injuries of a degree and severity less than or comparable to Garcia's injuries were found to have suffered great bodily injury within the meaning of section 12022.7.

We recognize that not all lacerations meet the threshold for a finding of great bodily injury. In *People v. Martinez* (1985) 171 Cal.App.3d 727 (*Martinez*), a great bodily injury enhancement was stricken on appeal for an injury sustained by one victim who was wearing a jacket, a sweater, and a shirt, and suffered only a minor laceration on his back after he was stabbed by the defendant. (*Id.* at pp. 735-736.) The victim did not seek medical treatment for his injury. (*Id.* at p. 735.) During trial, a witness described the victim's stab wound as like a pinprick. (*Id.* at p. 736.) The prosecutor asked that the allegation be stricken, indicating that there was no evidence of great bodily injury, citing the witness's testimony. (*Ibid.*)[3]

---

**3** Based on the appellate court's holding striking the enhancement, it can be reasonably inferred that the trial court denied the prosecutor's request.

In the instant case, substantial evidence supports the jury's finding that Garcia suffered great bodily injury within the meaning of section 12022.7. Garcia testified that appellant stabbed him on the right side of his abdominal area, his left shoulder was bruised, and he suffered multiple lacerations as a result of appellant's attack. Unlike the victim in *Martinez* who suffered only a minor laceration or pinprick and did not receive medical treatment, Garcia was taken to the hospital by ambulance.

As a result of his injuries, there was blood on Garcia's shirt and pants, and on his hospital bed. Dr. Macias indicated that the wound penetrated into the skin, fat tissue, and muscle. Garcia's wound had to be closed shut with five staples. Garcia testified that the wound was itchy and painful to the touch and left a permanent discolored scar on his abdomen. Considering the seriousness of Garcia's wounds, the medical care required to treat his wounds, as well as the resulting pain and scarring, we find that the evidence supports the jury's finding of great bodily injury.

## DISPOSITION

The judgment is affirmed.