Filed 8/24/21  P. v. Diaz-Camacho CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL DIAZ-CAMACHO,<br><br>    Defendant and Appellant. | B302273<br><br>(Los Angeles County<br>Super. Ct. No. BA472600) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed in part, reversed in part, and vacated in part.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan-Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant and appellant Miguel Diaz-Camacho of assault with intent to commit rape (Pen. Code, § 220, subd. (a)(2)[1]) and attempted forcible rape (§§ 664/261, subd. (a)(2)). As to each offense, the jury found true the allegation that defendant's victim was between 14 and 17 years of age. The trial court sentenced defendant to seven years in state prison for the assault with intent to commit rape conviction and four years six months for the attempted forcible rape conviction which the court stayed pursuant to section 654, imposed assessments and fines, and ordered defendant to take an AIDS test.

On appeal, defendant contends we must reverse his attempted forcible rape conviction because it was a lesser included offense of his assault with intent to commit rape conviction, the trial court erred in imposing assessments and fines without a hearing on his ability to pay them, and the court erred in ordering him to take an AIDS test because he was not convicted of an offense that subjected him to testing. We affirm the imposition of defendant's assessments and fines, but reverse his conviction for attempted forcible rape and vacate the order for an AIDS test.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

## II. BACKGROUND[2]

On October 18, 2018, 15-year-old Joanna C. spent the evening with a friend at a restaurant. Joanna lived with her parents and was supposed to be home at 6:00 p.m. At around 10:00 or 11:00 p.m., Joanna called her friend Ervin Camacho and asked him for a ride home.

Camacho met Joanna at Normandie Park. He arrived with defendant, his cousin, who was driving a truck. Defendant and Camacho were drunk. Camacho and Joanna got in the backseat. Defendant drove to Camacho's house so Camacho could get his car keys.

When Camacho got out, he asked Joanna to get out also but she said she would wait at the truck. While Camacho was inside his house, Joanna asked defendant, "[C]an you please take me home[?] I'm running really late." She believed Camacho was in no condition to drive. Defendant agreed.

Joanna gave defendant directions to her home, but he did not follow them. Instead, defendant drove to a dark street and parked the truck. While they were parked, Camacho called Joanna and asked where she was. Defendant got out of the truck, opened Joanna's door, and asked her for her phone. Joanna believed defendant was going to tell Camacho where they were so she gave him her phone.

---

[2]     Except as needed for context, we limit our recitation of facts to those relevant to the single substantive issue on appeal— whether defendant's conviction for attempted forcible rape was a lesser included offense of his conviction for assault with intent to commit rape.

After defendant spoke with Camacho for two minutes, Joanna got out of the truck and grabbed her phone from defendant and spoke to Camacho. Camacho said that defendant was really drunk and she should run and get away.

Joanna started to walk away. Defendant became angry and looked "tough," as though he wanted to hurt her. He asked her why she was "'getting away.'" When he approached her as if he was going to grab her, she ran. Defendant chased Joanna for two or three minutes before she tired and stopped. When she stopped, defendant pushed her from behind, causing her to fall to her knees.

Defendant got on top of Joanna and turned her over. He pulled down her leggings and underwear to about the middle of her thighs. Joanna felt defendant's leg against her left inner thigh. Defendant grabbed both of her hands so she could not defend herself. Joanna stated, "He was taking out his pants, trying to rape me." Joanna picked up some dirt and tried to put it in defendant's eyes.

Defendant unfastened his belt and pulled down his pants and underwear to about mid-thigh. Defendant's exposed penis was about four to five inches away from Joanna's vagina. Joanna defended herself, hitting defendant and scratching his face. Defendant's attack ended when a couple in a nearby car interceded.

# III. DISCUSSION

A. *Lesser Included Offense*

Defendant contends we must reverse his conviction for attempted forcible rape because it was a lesser included offense of his conviction for assault with intent to commit rape. We agree.

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct. 'In California, a single act or course of conduct by a defendant can lead to convictions 'of *any number* of the offenses charged.' (§ 954, italics added; *People v. Ortega* (1998) 19 Cal.4th 686, 692 . . . .)' (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 . . . .) Section 954 generally permits multiple conviction." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226–1227.)

"A judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.' (*People v. Montoya, supra*, 33 Cal.4th at p. 1034.) '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' (*People v. Lopez* (1998) 19 Cal.4th 282, 288 . . . .)" (*People v. Reed, supra*, 38 Cal.4th at p. 1227.) Attempted rape is a lesser included offense of assault with intent to commit rape. (*People v. Ghent* (1987) 43 Cal.3d 739, 757; *People v. Rupp* (1953) 41 Cal.2d 371, 382; *People v. Martinez* (1985) 171 Cal.App.3d 727, 734 ["a person who commits an assault with intent to commit rape necessarily also always commits an attempted rape"].)

"The doctrine of included offenses is applicable only when the same act is relied upon for more than one conviction." (*People*

5

*v. Greer* (1947) 30 Cal.2d 589, 600, overruled on another ground by *People v. Fields* (1996) 13 Cal.4th 289, 308, fn. 6.) "If offenses are necessarily included, the question whether the acts are the same is a question for the jury, unless as a matter of law the acts are not divisible. [Citation.] The divisibility of acts in cases involving sex offenses is not easily susceptible of exact definition. The cases show no uniformity in this field, and there are many instances of artificial distinctions." (*Ibid.*) In deciding whether a defendant's conduct involves the same or separate acts, courts should not allow "the doctrine that no person shall be convicted of both an included and a greater offense [to] . . . be subverted by a technical fragmentation of acts having no realistic basis in common experience." (*Id.* at p. 601.)

The Attorney General concedes that a defendant may not be convicted of both assault with intent to commit rape and attempted rape based on the same conduct, but argues that defendant's convictions were based on separate acts. According to the Attorney General, defendant's assault with intent to commit rape was based on defendant's conduct before he attempted to achieve penetration, that is, his pursuit of Joanna and knocking her to the ground. Defendant committed attempted forcible rape, the Attorney General argues, when he "turned her body around to face him, placed his hand on her mouth to muffle her screams, and forcibly grabbed her wrists. Next, [he] (1) got on top of Joanna; (2) pulled her leggings down; (3) pulled her underwear down; (3) [*sic*] unfastened his belt; (4) pulled his pants down, and (5) pushed his penis within 4 or 5 inches from Joanna's vagina." We disagree with the Attorney General's artificial division of defendant's acts based on the facts of this case.

6

The evidence showed that defendant engaged in a continuous course of conduct aimed at raping Joanna through sexual penetration. When Joanna ran from defendant, he chased her, knocked her to the ground, turned her over to face him, restrained her, partially removed her clothes, and attempted to penetrate her vagina with his penis. There is no evidence that defendant's chasing Joanna and knocking her to the ground were anything other than necessary parts of his ultimate goal of achieving penetration. The Attorney General's enumeration of and attempt to divide defendant's conduct into separate acts amount to the type of "technical fragmentation of acts having no realistic basis in common experience" that our Supreme Court cautioned against in *People v. Greer, supra*, 30 Cal.2d at page 601. Indeed, and as the trial court found when staying defendant's sentence on the attempted forcible rape conviction, "the attempted rape acts were included in the assault with the intent to commit rape." Accordingly, we reverse defendant's attempted forcible rape conviction because it was a lesser included offense of his conviction for assault with intent to commit rape.

B.    *Ability to Pay Hearing*

Defendant contends the trial court violated his state and federal constitutional rights to due process when it imposed assessments and fines[3] without holding a hearing on his ability

---

[3]    As to defendant's assault with intent to commit rape conviction, the court imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), and a

to pay them.  He argues that if he forfeited his claim by failing to object in the trial court, then he received ineffective assistance of counsel.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held, "[D]ue process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.)  It further held that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.)  This forfeiture doctrine applies where a defendant fails to object to the imposition of fines and fees at sentencing.  (See, e.g., *People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Avila* (2009) 46 Cal.4th 680, 729.)  Defendant failed to object at his sentencing hearing to the trial court's imposition of the assessments and fines without a hearing to determine his ability to pay.  Accordingly, he has forfeited this issue.

Citing *Strickland v. Washington* (1984) 466 U.S. 668, 694, defendant contends that if we hold he forfeited his challenge to the trial court's imposition of the assessments and fines without an ability to pay hearing, then trial counsel provided ineffective

---

$300 sex offender fine (§ 290.3, subd. (a)).  The court also imposed and stayed a $300 parole revocation restitution fine.  (§ 1202.45.)

assistance by failing to object in the trial court. To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. . . . On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding. [Citations.]" (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

The record is silent as to trial counsel's reasons, if any, for failing to object to the trial court's imposition of the assessments and fines without a hearing to determine defendant's ability to pay. There is, however, at least one satisfactory explanation of trial counsel's failure to request an ability to pay hearing. Defendant was sentenced to seven years in state prison. Trial counsel could have concluded that defendant's period of incarceration and prison wages would enable him to pay his $670 in assessments and fines. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490 [relevant factors regarding ability to pay "may include, but are not limited to, potential prison pay during the period of incarceration to be served by the defendant" (fn. omitted)]; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 ["[w]ages in California prisons currently range from $12 to $56 a

9

month"].)  Under these circumstances, defendant cannot prevail on his appellate claim of ineffective assistance of counsel.  (*People v. Mai, supra*, 57 Cal.4th at p. 1009.)

## C.    *AIDS Testing*

Defendant contends the trial court erred in ordering him to submit to an AIDS test.  The Attorney General agrees, as do we.

Section 1202.1, subdivision (e) requires AIDS testing for persons convicted of certain enumerated sexual offenses.[4]

---

[4]    Under section 1202.1, subdivision (e), the following sexual offenses qualify for AIDS testing:

"(1)  Rape in violation of Section 261 or 264.1.

"(2)  Unlawful intercourse with a person under 18 years of age in violation of Section 261.5 or 266c.

"(3)  Rape of a spouse in violation of Section 262 or 264.1.

"(4)  Sodomy in violation of Section 266c or 286.

"(5)  Oral copulation in violation of Section 266c or 287, or former Section 288a.

"(6)

"(A)  Any of the following offenses if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim:

"(i)  Sexual penetration in violation of Section 264.1, 266c, or 289.

"(ii)  Aggravated sexual assault of a child in violation of Section 269.

"(iii)  Lewd or lascivious conduct with a child in violation of Section 288.

"(iv)  Continuous sexual abuse of a child in violation of Section 288.5.

Assault with intent to commit rape (§ 220, subd. (a)(2)) is not among the sexual offenses that require AIDS testing.[5] Accordingly, the trial court erred and we vacate the order requiring defendant to submit to an AIDS test.

---

"(v)  The attempt to commit any offense described in clauses (i) to (iv), inclusive."

[5]  Although we reversed defendant's attempted forcible rape (§§ 664/261, subd. (a)(2)) conviction, we note that it also is not a sexual offense that requires AIDS testing.  (§1202.1, subd. (e).)

## IV.   DISPOSITION

Defendant's conviction and sentence, including any assessments and fines, for attempted forcible rape are reversed. The trial court's order that defendant take an AIDS test is vacated.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.